FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA   04 JUL 30 AM 10: 39

SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES OF AMERICA, )
*ex rel.* PATRICK BRUCE ATKINS, )
M.D. and PATRICK BRUCE ATKINS, )
M.D., a natural person, )
                          )          CIVIL ACTION NUMBER
         Plaintiffs, )          CV-03-AR-1540-S
                          )
                          )
CHARLES M. McINTEER, M.D., )
etc., *et al.*, )
                          )
         Defendants. )

**UNITED STATES' STATEMENT OF INTEREST UNDER 28 U.S.C. § 517 AND**
***AMICUS CURIAE* BRIEF FILED IN RESPONSE TO**
**NORTHPORT DEFENDANTS' MOTION TO DISMISS DATED JULY 12, 2004**

       The United States of America ("United States") respectfully submits this statement of

interest and *amicus curiae* brief in response to the Motion to Dismiss the Relator's complaint in

this <u>qui tam</u> action filed on July 12, 2004, on behalf of defendants Northport Health Services,

Inc., Northport Health and Rehabilitation L.L.C., National Health Corporation, Haleyville Health

Care Center, L.L.C., Eastern Health System, Inc. and Capitol Healthcare Center, Inc.

(collectively, the "Northport Defendants").[1]  The United States takes no position on the Northport

Defendants' argument that the Relator's factual allegations are insufficient to satisfy the

requirements of Fed. R. Civ. P. 9(b).  The United States, however, strongly opposes the

---

       [1]On July 15, 2004, the United States sought leave of the Court to file a statement of
interest and brief *amicus curiae* with regard to certain limited legal issues raised in the Northport
Defendants' motion to dismiss.  The United States requested that it be permitted to file its brief
on or before August 5, 2004.  By Order dated July 22, 2004, the Court granted the United States'
application for leave and directed that the record on the various motions to dismiss would close
as of 4:30 p.m. on July 30, 2004.  The United States is therefore submitting its brief in
accordance with the schedule established by the Court.



Northport Defendants' arguments that the doctrine of implied certification cannot serve as the basis for a False Claims Act action.  The United States has already addressed this legal issue at some length in its Statement of Interest Under 28 U.S.C. § 517 and *Amicus Curiae* Brief Filed in Response to Defendant Mariner Health Central, Inc.'s Motion to Dismiss Dated June 30, 2004, and we will not repeat those arguments here as the Court has accepted that brief for filing and consideration in its July 22, 2004 Order.  However, the Northport Defendants make a somewhat different argument than Mariner concerning the "implied certification" legal theory, and that argument is also incorrect.  Further, the Northport Defendants incorrectly state the legal standard for establishing the requisite *scienter* for a conspiracy claim under the False Claims Act.  This brief accordingly addresses these two limited legal issues.

## I.   NEITHER *SWAN* NOR IMPLIED CERTIFICATION IS APPLICABLE FOR PURPOSES OF DECIDING THE NORTHPORT DEFENDANTS' MOTION.

The Northport Defendants' reliance on *United States ex rel. Swan v. Covenant Care, Inc.*, 279 F. Supp. 2d 1212 (E.D. Cal. 2002), and its discussion of implied certification are misplaced and inappropriate.  First, neither *Swan* nor the theory of implied certification has any bearing on the Northport Defendants' motion to dismiss, which turns solely on whether Relator has failed to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).  *See* Northport Defs' Mem. Supp. Mot. Dismiss ("Northport Defendants' Motion") at 10 ("Relator has not specifically alleged even one actual fraudulent claim being submitted to the government by Defendants") and 11-12 ("While psychiatric care is made available to those residents who require it, it is not provided directly by Defendants and is not included in the services for which Defendants might seek reimbursement.").  Stripping away the legal mischaracterizations, the Northport Defendants' only argument is that Relator has failed to plead sufficient facts to satisfy the requirements of Fed. R.

-2-

Civ. P. 9(b).  The Northport Defendants all but concede this point when they state: "[b]ecause Relator's Complaint lacks specific factual support, it is difficult to determine exactly how Relator contends Defendants are in violation of [the Nursing Home Reform Act]."  Northport Defendants' Motion at 9.  There is simply no reason or need for this Court to opine on the possible applicability of implied certification theory in this case.

Second, the implied certification discussion in *Swan*, which is limited to the facts of that case, is not applicable to Relator's allegations in this case.  Unlike *Swan*, in this case Relator alleges that defendants "have engaged in, and . . . continue to be engaged in an ongoing and systematic scheme, artifice or device which has resulted in the illegal payment of federal Medicare and Medicaid reimbursements to such defendants."  Complaint at ¶ 65.  Among other things, Relator alleges that Defendants submitted claims for reimbursement under the Medicare and Medicaid programs:

– for "health care services which were not, in fact, rendered to Alabama [skilled nursing facility ("SNF")] patients" or "which were not reasonable or medically necessary;"

– "which are, or which have been, materially false and fraudulent and which are, or were, grounded upon systematic 'upcoding' of medical services;"

– which were "based upon forged physician signatures;"

– which were based on documents that showed signs of tampering suggesting the use of prior existing "'progress notes' which had patient information, or physician signatures, 'whited out' or otherwise removed, altered or redacted."

Complaint at ¶ 65.  These allegations make this case analogous to *United States v. NHC Health Care Corp.*, 163 F. Supp.2d 1051 (W.D. Mo. 2000), in which the United States alleged that

severe staff shortages led to a failure to provide care and to the death of two patients.  In denying

defendants' motion for summary judgment, the *NHC* court noted:

> [I]t is likely that implied certification is not relevant herein because the
> Defendants are not being sued simply for violating the standard of care
> with regard to Residents 1 and 2. [fn3] Rather, Defendants are being sued
> because they allegedly failed to provide the services that they billed for.
> No certification, implied or otherwise, is necessary when the liability
> stems from the Defendants' activities of billing for procedures which they
> did not perform.  This would plainly constitute fraud.

*Id.*  Based on the Northport Defendants' Motion and Relator's allegations, the question pending

before this Court is whether, at this stage of the proceedings, Relator has alleged that any of the

Northport Defendants submitted, or caused to be submitted, false claims for payment to the

Government with sufficient particularity to satisfy the pleading requirements of Fed. R. Civ. P.

9(b).  Neither *Swan* nor the theory of implied certification sheds any light on this issue.

## II.   SECTION 3729(a)(3) DOES NOT REQUIRE A SHOWING OF SPECIFIC INTENT TO DEFRAUD.

A person is liable under 31 U.S.C. § 3729(a)(3) of the FCA for "conspir[ing] to defraud

the Government by getting a false or fraudulent claim allowed or paid."  A conspiracy under 31

U.S.C. § 3729(a)(3) has two essential elements: (1) a conspiracy by the defendant with one or

more persons to get a false or fraudulent claim paid or approved, and (2) an act in furtherance of

the conspiracy.  *See United States v. Hill*, 676 F. Supp. 1158, 1173-74 (N.D. Fla. 1987) (citing

*Blusal Meats, Inc. v. United States*, 638 F. Supp. 824, 828 (S.D. N.Y. 1986)).  The Northport

Defendants assert, incorrectly, that Relator must demonstrate a "specific intent to defraud" as part

of pleading the elements of a conspiracy count under § 3729(a)(3).  Northport Defendants'

Motion at 8.  The Northport Defendants acknowledge that specific intent to defraud is **not**

required to establish liability under §§ 3729(a)(1) or (a)(2), but rather only "deliberate ignorance"

-4-

or "reckless disregard." *Id.* (citing the FCA's definition of "knowing" and "knowingly" contained in 31 U.S.C. § 3729(b)). Yet they do not explain why the statute should be interpreted to impose a heightened *scienter* standard upon a person who would otherwise be liable under § 3729(a)(1) or (a)(2) of the FCA simply because that person has also colluded with someone else to file false or fraudulent claims upon the Government. Certainly, the statute does not impose such a heightened *scienter* standard for conspiracy claims. Indeed, the legislative history of the 1986 amendments to the FCA make clear that Congress believed that the "specific intent" standard "is inappropriate in a civil remedy and presently prohibits the filing of many civil actions to recover taxpayer funds lost to fraud." S. Rep. No. 99-345, 99th Cong., 2d Sess. 1986, *reprinted in* 1986 U.S.C.C.A.N. 5266, 5272, 1986 WL 31937, *7; *see also Murray & Sorenson v. United States*, 207 F.2d 124 (1st Cir. 1953) (finding FCA conspiracy liability under pre-1986 statute even though defendants had not acted deliberate[ly]"). Accordingly, it would be improper to insert a heightened *scienter* requirement where Congress itself has not done so and has expressed the intention to do exactly the opposite.

The Northport Defendants cite only one case in support of their position – *United States ex rel. Johnson v. Shell Oil Co.*, 183 F.R.D. 204, 209 (E.D. Tex. 1998). In addressing a Rule 9(b) motion to dismiss the relators' complaint in that case, the District Judge stated that "the conspiracy provision of the [FCA] seems to require the specific intent to defraud, unlike the other provisions which merely require knowledge." *Id.*[2] With all due respect to the *Johnson* District Court Judge, we disagree. Notably, other provisions of § 3729(a) specify the standard of

---

[2]We note that the District Court in *United States v. Gericare Med. Supply, Inc.*, 2000 WL 33156443 (S.D. Ala. Dec. 11, 2000), followed the *Johnson* holding in this regard, but without any additional analysis. *See id.* at *10.

"intending to defraud the Government." 31 U.S.C. §§ 3729(a)(4) and (a)(5). The conspiracy

provision in § 3729(a)(3), however, does not. There is simply no logical reason to read a

heightened *scienter* standard into the conspiracy provision, since Congress obviously knew how

to express an "intent to defraud" standard in the FCA when it found that standard appropriate.

Rather, the appropriate inquiry is that set forth by the District Court in *United States ex rel.*

*Augustine v. Century Health Services, Inc.*, 136 F. Supp. 2d 876, 888 (M.D. Tenn. 2000), *aff'd*,

289 F.3d 409 (6th Cir. 2002): "To prevail on claim under § 3729(a)(3), the Government must

prove: (1) that the defendant **knowingly** conspired with one or more persons to get a false or

fraudulent claim allowed or paid by the United States and (2) that one or more of the conspirators

performed any act to effect the object of the conspiracy." (Emphasis added.)

Unquestionably, in order to establish the existence of a conspiracy, there must be

evidence of "an agreement to commit an illegal act." *Thomas v. City of New Orleans*, 687 F.2d

80, 83 (5th Cir. 1982). The "illegal acts" alleged by the Relator in the present complaint are,

essentially, violations of 31 U.S.C. § 3729(a)(1) through the submission of false or fraudulent

claims for payment by the two physician defendants and violations of 31 U.S.C. § 3729(a)(2)

through the creation and use of false records to get the Government to pay false or fraudulent

claims to the two physician defendants. *See United States ex rel. Wilkins v. North Am. Constr.*

*Corp.*, 173 F. Supp. 2d 601, 640 (S.D. Tex. 2001) ("In this case, the 'illegal act' is the knowing

submission of a false or fraudulent claim to the [Government]."). Accordingly, the Court should

first determine whether the Relator has properly pleaded the elements of §§ 3729(a)(1) and/or

(a)(2) as to each of the Defendants. If the Court finds that the Relator's complaint has properly

pleaded those elements, it should then determine whether the Relator has sufficiently pleaded (1)

the existence of an agreement between each Defendant and one or more other person(s) to violate

-6-

§ 3729(a)(1) or (a)(2), and (2) the existence of an overt act in furtherance of the conspiracy. If the Court finds that the Relator has met these pleading requirements, then it should allow the Relator to proceed with his conspiracy count under § 3729(a)(3).

## III.   ANY DISMISSAL OF THIS CASE SHOULD BE WITHOUT PREJUDICE TO THE UNITED STATES.

As stated above and in our response to Mariner's Motion, the United States takes no position regarding the merits of Relator's allegations or the sufficiency of his First Amended Complaint. The United States requests, however, that if the Court dismisses this action against Defendants, any such dismissal be without prejudice to the United States.

Pursuant to the False Claims Act, a relator files his or her complaint on behalf of the United States, and once the Government has notified the Court that it declines to pursue relator's allegations, relator is free to pursue them on his or her own. 31 U.S.C. § 3730. In this case, the United States has notified the Court that its investigation is continuing and that it is therefore unable to make a determination at this time whether or not to intervene. Whether because the Government has affirmatively declined to intervene in a case or because, as in this case, it has not completed its investigation by the time the Court has established, the United States still has no part in preparing a relator's complaint, and it should not be prejudiced if a relator has failed to plead his or her allegations sufficiently to meet the requirements of Fed. R. Civ. P. 9(b). A contrary ruling would be unwarranted and would undermine Congress' expressly stated goal of eliminating false and fraudulent claims upon the Government because a relator's complaint that is broadly drafted, if dismissed with prejudice to the United States, could improperly be argued by a defendant to have a broad preclusive effect upon the United States' ability to pursue properly framed allegations against the defendants in future actions.

Accordingly, the United States submits that, if granted, any dismissal of Relator's complaint should be without prejudice to the United States.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests this Honorable Court (1) refrain from addressing the implied certification and conspiracy *scienter* arguments as bases for granting the Northport Defendants' motion to dismiss, or, at a minimum, (2) apply the correct legal standards in denying the Northport Defendants' motion to dismiss on those grounds.  Finally, the United States respectfully submits that if the Court dismisses Relator's complaint as to any Defendant, such dismissal should be without prejudice to the United States.

Respectfully submitted on this the 30th day of July 2004.

PETER D. KEISLER
Assistant Attorney General

ALICE H. MARTIN
United States Attorney

RICHARD E. O'NEAL
Assistant United States Attorney
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205)244-2104
(205)244-2175 (Facsimile)

MICHAEL F. HERTZ
POLLY A. DAMMANN
TRACY L. HILMER
Attorneys, Civil Division
Commercial Litigation Branch
Post Office Box 261
Ben Franklin Station
Washington, D.C.  20044

Tel. No.:  (202)307-0474
Fax No.:  (202)616-3085

Attorneys for the United States

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served by first class, United States mail, postage prepaid and by facsimile transmission, on this the 30th day of July 2004 to the following:

Justice D. Smyth, III, Esq.
Albert G. Lewis, Esq.
W. Eason Mitchell, Esq.
Lewis & Mitchell
P. O. Box 020111
6111 Helen Keller Blvd
Tuscaloosa, AL 35404
Telephone No:          205-633-0003
Facsimile No:          205-633-0002

Richard L. Scharff, Esq.
One of the Attorneys for Defendant
Mariner Health Central, Inc.
Bradley, Arant, Rose and White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone No:          205-521-8524
Facsimile No:          205-488-6524

R. Marcus Givhan, Esq.
James F. Henry, Esq.
Alan D. Mathis, Esq.
Attorneys for Northport Health Services, Inc.,
Northport Health and Rehabilitation, L.L.C.,
National Healthcare Corporation,
Haleyville Health Care Center, L.L.C.,
Eastern Health System, Inc.
 and Capitol Hill Healthcare Center, Inc.
Johnston, Barton, Proctor & Powell, LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone No:          205-458-9400
Facsimile No:          205-488-9500

John M. Johnson, Esq.
Jackson M. Sharman, Esq.
Jacob Michael Tubbs, Esq.
Attorneys for Sunbridge Healthcare Corporation
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
Telephone No:        205-581-0700
Facsimile No:        205-581-0799

Joseph S. Miller, Esq.
Attorney for Charles M. McInteer, M.D.,
 Marilyn E. Lachman, M.D. and YHAP Psychiatric Services, Inc.
Starnes & Atchison, LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama 35259-8512
Telephone No:        205-868-6000
Facsimile No:        205-868-6099

Andrew C. Clausen, Esq.
Helen Johnson, Esq.
Robert B. McGinley, Esq.
Alford, Clausen & McDonald, LLC
Attorneys for Beverly Health and Rehabilitation
 Services, Inc. and Beverly Enterprises-Alabama, Inc.
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
Telephone No:        251-432-1600
Facsimile No:        251-432-1700

RICHARD E. O'NEAL
Assistant United States Attorney