```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```



UNITED STATES OF AMERICA, *ex rel*. PATRICK BRUCE ATKINS, M.D., et al.,

    Plaintiffs,

v.

CHARLES M. MCINTEER, M.D., et al.,

    Defendants.

CIVIL ACTION NO.
03-AR-1540-S

### MEMORANDUM OPINION

The court has for consideration motions to dismiss filed by thirteen out of the fourteen remaining of the original fifteen defendants in the above-entitled *qui tam* action brought by Patrick Bruce Atkins, M.D., on behalf of the United States of America. The United States has declined to intervene, as it turns out, for good reason.

By targeting so many defendants, the relator did not relieve himself of the obligation to allege with particularity facts upon which False Claim Act ("FCA") liability could be fixed on each defendant. The motions to dismiss are not exactly the same, but they have features in common. All of them were filed before *United States, ex rel. Totten v. Bombardier Corporation*, 380 F. 3d 488 (D.C. Cir. 2004), was decided on August 27, 2004. Although the jurisdictional implications in *Totten* were not available to defendants when they filed their motions, they are available now,

and the court is obligated constantly to monitor its subject-matter jurisdiction, with or without help from the defendants. In *Totten*, the D.C. Circuit found that the FCA (31 U.S.C. § 3729, *et seq.*) had been misused when a relator complained that a false claim had been presented to a **grantee** of federal funds, as distinguished from the **federal government itself**. The *Totten* court pointed out that the FCA creates a cause of action only if a false claim is "**presented. . . . to an officer or employee of the United States Government.**" (emphasis supplied). This is the unequivocal, up-front language of 31 U.S.C. § 3729(a)(1). In other words, a false claim, if presented to an entity that, in turn, has received or subsequently receives money from the United States with which to pay the claim, is not actionable, despite the fact that the money, in whole or in part, comes from the United States. In *Totten*, the grantee of federal funds that had allegedly been defrauded was the National Railroad Passenger Corporation (Amtrak). In the instant case, according to the allegations of the complaint, and judicially knowable facts, the only directly defrauded entity was a **grantee**, Alabama Medicaid Agency. There is no allegation or suggestion of the direct presentation of any false claim by any defendant to a federal officer or employee.

  The court takes judicial notice of the fact that in Alabama approximately 30% of Medicaid covered cost is directly borne by the State of Alabama and 70% is ultimately borne by the United States.

2

But, under the rules of the Alabama Medicaid Agency, none of the individuals or nursing homes that are the subjects of this complaint ever presented any request for payment to any officer or employee of the United States. Such requests are presented to the Alabama Medicaid Agency. If the *Totten* court is correct, fraud perpetrated upon a non-federal agency cannot form the basis for an FCA claim just because the non-federal agency thereafter presents a claim for payment to a federal official. Because the FCA has a quasi-criminal aspect (treble damages), it must be strictly construed against the United States and the relator.

An application for rehearing *en banc* has been filed and is pending in *Totten*. This court declines to await the ruling on that application. Without Supreme Court or Eleventh Circuit precedent, this court is persuaded by the *Totten* majority and joins it in finding no basis in the FCA for a relator to pursue recovery on behalf of the United States for fraud of the kind allegedly perpetrated upon Amtrak in *Totten*, or, in this case, on the Alabama Medicaid Agency.

In addition to invoking 31 U.S.C. § 3729(a)(1) (the FCA provision that the *Totten* court was dealing with), the relator here charges a conspiracy under 31 U.S.C. § 3729(a)(3), the provision that makes liable "any person who conspires to defraud the Government by getting a false or fraudulent claim allowed or paid". For an actionable conspiracy to exist, not only must there have

been an overt act in furtherance of the alleged conspiracy, but the object of the conspiracy must itself be *malum prohibitum*. When *Totten* held that the direct presentation of a claim to a federal employee is required for stating an FCA claim, it follows that an agreement between two or more persons to present a fraudulent claim to the Alabama Medicare Agency, a **grantee**, is not an actionable conspiracy under § 3729(a)(3). This is the thrust of the Sixth Circuit's holding in *United States v. Murphy*, 937 F. 2d 1032, 1038-39 (6th Cir. 1991), wherein that court held that while to recover under § 3729(a)(3), the United States must prove "that a person is a member of the alleged conspiracy", the mere allegation of conspiracy **"does not eliminate the need under subsection (a)(1) for some action by the defendant whereby a claim is presented or caused to be presented"** (emphasis supplied). In the present case, the relator has made a very general allegation that fifteen defendants entered into a conspiracy to defraud the United States, but does not allege any overt act in furtherance of the alleged very broad conspiracy and does not allege that any defendant presented a false claim to an officer or employee of the United States.

    Even if the *Totten* court has misread the FCA, the instant case falls under defendants' Rule 12(b)(6) and Rule 9(b) assault because of the complaint's total lack of particularity or specificity. There is no description in the complaint of any discrete incident of the fraudulent submission of a claim by any defendant, either to

an Alabama state employee or to a federal employee.  General averments do not suffice, no matter how difficult it may be for a relator to meet the stringent requirement of particularity without first obtaining court aided access to discovery materials from defendant.  This is the clear lesson from the Eleventh Circuit in *U.S., ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F. 3d 1301 (11th Cir. 2002).  The same lesson was even more recently taught by the First Circuit in *U.S., ex rel. Karvelas v. Melrose-Wakefield Hospital*, 360 F. 3d 220 (1st Cir. 2004), which cited *Clausen* and as to which the Supreme Court denied certiorari on October 4, 2004.  The federal courts are increasingly reluctant to allow fishing expeditions by whistle-blowers employing the FCA and hoping for federal intervention.  The whistle must be blown not only loudly, but with Rule 9(b) particularity in the complaint before the courts will listen.

If the judicial system still operated in the era of the demurrer, this complaint of 52 pages could legitimately be subject to demurrer for being prolix and/or multifarious.  The repetition here of largely conclusory allegations aimed at fifteen distinct and geographically separated defendants, is elaborate, but length cannot substitute for the precision necessary to provide each defendant with allegations of fact that he must either confess or deny, because to confess them would be to concede liability.  Even notice pleading requires the allegation of facts that provide both

a basis for jurisdiction and a basis for liability.

In addition to the jurisdictional and procedural shortcomings discussed above, there is another, and important, defect in this relator's case.  Relator is, in reality, cloaking alleged violations of the Nursing Home Reform Act ("NHRA") (42 U.S.C. § 1396r) with the hopeful FCA mantle.  The essence of this case is a complaint that defendants failed to provide the adequate patient care that is required of them by the NHRA.  But, this is not and cannot be an action to enforce the NHRA.  A similar question was addressed by this court in *U.S., ex rel. McNutt v. Haleyville Medical Supplies, Inc., et al.*, CV-01-AR-3156-J, a case that has been accepted for interlocutory appeal by the Eleventh Circuit.  Assuming that these defendants, or any of them, failed to comply with the standards set forth in the NHRA and implicitly certified to the Alabama Medicaid Agency that they were in compliance when they were not in compliance when they sought reimbursement for their inadequate nursing care, they did not expose themselves to liability under the FCA, that is, unless they certified that **specific services had been performed when those services had not, in fact, been performed**.  This principle assumes *arguendo* that certification to a federal officer or employee is not necessary.  In *Karvelas*, the First Circuit not only required particularity in the FCA complaint, but held:

> .  .  .  . Karvelas alleges serious violations by the defendants of federal standards governing the provision

> of patient care. However, alleged violations of federal regulations are insufficient to support a claim under the FCA. *See United States ex rel. Hooper v. Anton*, 91 F. 3d 1261, 1266 (9th Cir. 1996) ("Violations of laws, rules, or regulations alone do not create a cause of action under the FCA.") . . . .

*Id.* at 234.

The parties in this case may wish to watch for what happens in *U.S. ex rel., McNutt v. Haleyville* in the Eleventh Circuit. Incidentally, if this court had had *Totten* and/or *Karvelas* when it decided *McNutt*, it would not have certified *McNutt* under 28 U.S.C. § 1292(b). Instead, it would have dismissed the case.

To the extent relator may be attempting to pursue a fraud claim under state law, he lacks standing as a private attorney general, and any such claim must be dismissed, especially when the federal claims to which any state law claim is appended are being dismissed.

Based on the foregoing, defendants' motions to dismiss will be granted, and the action as against BEP Services (Southern), LLC (the defendant that has not filed an appearance) will be dismissed both for want of subject-matter jurisdiction and for want of prosecution.

DONE this 27 day of October, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

7